**UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ANDRII KARMELIUK** <br><br> Plaintiff, <br><br> v. <br><br> **U.S. CITIZENSHIP AND IMMIGRATION SERVICES;** <br> **JOSEPH EDLOW,** Director of U.S. Citizenship and <br> Immigration Services, in his official capacity; <br> **KIMBERLEY ADAMS,** Director of U.S. Citizenship and <br> Immigration Services' Cleveland Field Office, <br> in her official capacity <br><br> Defendants. | Case No.  1:25-cv-1825 <br><br><br> **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. This civil action seeks to compel unreasonably delayed government actionss respecting the adjudication of an application for lawful permanent residence, Form I-485 Application to Register Permanent Residence or Adjust Status ("I-485 application").

2. Plaintiff Andrii Karmeliuk (Mr. Karmeliuk), a native of Ukraine who currently resides in Parma, Ohio, was selected to receive an immigrant visa through the United States' Diversity Visa 2025 (DV-2025) program. Pursuant to this selection, he filed his I-485 application for lawful permanent residence on January 16, 2025.

3. Defendant USCIS scheduled and conducted an interview with Mr. Karmeliuk on April 15, 2025, at USCIS Cleveland Field Office.

4. Defendant USCIS has not requested any additional documentation or information from Plaintiff in support of his I-485 application.

5. Currently, Defendant USCIS has had Mr. Karmeliuk's I-485 application for almost eight

(8) months, or about two hundred thirty (230) days without rendering any decision.

6. For Mr. Karmeliuk, the stakes are high and a matter of extreme urgency. By statute, DV-2025 program selectees must have their visas adjudicated and issued before midnight on September 30, 2025.

7. If Defendants do not adjudicate Mr. Karmeliuk's I-485 application before midnight on September 30, 2025, barring a protective order from this Court, Mr. Karmeliuk will lose his opportunity to immigrate to the United States through the DV-2025 program.

8. This action seeks injunctive and mandamus relief to compel Defendant USCIS to adjudicate Mr. Karmeliuk's I-485 application, so that he can permanently reside in the United States.

9. Mr. Karmeliuk seeks an order from this Honorable Court directing Defendants to complete all necessary steps, including the adjudication of his pending I-485 application by September 20, 2025, under the mandamus statute, 28 U.S.C. § 1361, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b) and 706(1).

## JURISDICTION

10. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Mr. Karmeliuk's claims arise under the laws of the United States, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 and 701, *et seq*., and the Immigration and Nationality Act ("INA") 8 U.S.C. § 1101, *et seq*.; and (2) 28 U.S.C. § 1361 (the mandamus statute). This court may grant relief in this action under the APA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 Defendants have waived sovereign immunity underb5 U.S.C. § 702.

2

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1), because Defendants are an agency and officials of the United States, and a substantial part of the events or omissions giving rise to the claim occurred in, and Defendant Kimberley Adams, as the Director of USCIS Cleveland Field Office, resides within the Northern District of Ohio, and Mr. Karmeliuk resides within this district and no real property is involved in the action.

## PARTIES

12. Plaintiff Andrii Karmeliuk is native of Ukraine and resident of Cleveland, Ohio. He holds lawful immigration status though a grant of Ukrainian Humanitarian Parolee and is an intending immigrant. His application for lawful permanent residence pursuant to the DV-2025 program is pending with the Cleveland, Ohio USCIS Field Office.

13. Defendant USCIS is the federal agency responsible for adjudicating immigration-related benefit applications, including applications to adjust status. USCIS is an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is headquartered at 5900 Capital Gateway Drive, #2040, Camp Springs, Maryland 20746.

14. Defendant Joseph Edlow is the Director of the USCIS, and is named herein only in his official capacity. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers andauthority to subordinate employees of the USCIS. He has overall responsibility for ensuring that all USCIS employees carry out their duties in compliance with the law, including by adjudicating applications within a reasonable time. His mailing address is USCIS, 5900 Capital Gateway Drive, #2040, Camp Springs, Maryland 20746.

15. Defendant Kimberley Adams is the Director of USCIS Cleveland Field Office. She is responsible for all aspects of the operation of the Cleveland Field Office, including overseeing the

adjudication of Mr. Karmeliuk's I-485 application, and is sued in her official capacity. Her mailing address is USCIS Cleveland Field Office, 1240 East Ninth Street, Suite 501, Cleveland, Ohio 44199.

## LEGAL FRAMEWORK

### *Diversity Visa Immigrant Program*

16. The Immigration Act of 1990 created a new immigration category, the Diversity Immigrant Visa Program, to increase diversity in the U.S. immigrant population by providing 50,000 Diversity visas to nationals of countries that have had low immigration rates to the United States. Pub. L. No. 101-649, § 131, 104 STAT. 4978 (1990) (codified as 8 U.S.C. § 1153(c)).

17. This Congressionally mandated program issues visas specifically for immigrants who are natives of countries and regions from where fewer than 50,000 immigrants came to the United States over the previous five years.

18. Each fiscal year, the Department of State (DOS) grants approximately 50,000 diversity immigrant visas to individuals from countries underrepresented in the immigration process, which allow recipients who are granted admission to enter the country as lawful permanent residents who may live and work in the United States indefinitely. *See* 8 U.S.C. §§ 1151(e), 1153(c)(1).

19. Prospective immigrants must submit entries during the registration period.

20. From those entries, DOS then chooses, on a random basis, eligible selectees to apply for immigrant visas.

21. With over 20 million entrants a year, a diversity visa entrant has about one-fourth percent chance to be selected to apply for the visa. As such, the probability of being selected twice is close to zero.

22. A diversity visa selectee who resides abroad is entitled to apply for an immigrant visa at a consular post abroad; selectees who reside in the United States, such as Mr. Karmeliuk, are able to apply to adjust to permanent resident status. All such applications must be granted before the end of the fiscal year for which the entry was submitted. *See* 8 U.S.C. § 1154(a)(1)(I)(ii)(II).

23. The diversity visa program is administered at the DOS's Kentucky Consular Center (KCC). *See* 9 FAM 502.6-4(c)(1)(a).

24. Selectee receives a first notifications letter informing the selectee of their selection and visa number. *Id.*

25. The visa number, assigned by the KCC, is an administrative device used by the State Department to ensure that it does not grant more than the statutorily allocated 55,000 visas per year.

26. If a selectee resides in the United States, he must then submit a Form DS-260 Immigrant Visa and Alien Registration Application ("DS-260 application") to U.S. Department of State, and also a Form I-485 Application to Register Permanent Residence or Adjust Status and various supporting documents to USCIS.

27. Each month, the Department publishes a Diversity Visa Bulletin summarizing the availability of immigrant visas for diversity visa selectees.

28. Selectees with current visa numbers are entitled to file their I-485 application with USCIS and to have this application adjudicated by a USCIS officer.

29. Because the diversity visa program restarts each fiscal year, diversity visas may not be issued after midnight on September 30th of the fiscal year of the selection. *See* 8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(a)(1)(d); *see* also 31 U.S.C. § 1102.

30. Congress created a timetable of a calendar year to adjudicate diversity visas because Congress understood that it takes several months for individuals and the agency to work together to complete the adjudication of a diversity visa.

31. If a selectee is not issued a visa prior to midnight on September 30th of the fiscal year of the selection, the selectee cannot be issued a visa based on his visa selection for that fiscal year.

## STATEMENT OF FACTS

32. Ms. Karmeliuk is a 45-year-old native of Ukraine and more than 1-year resident of Cleveland, Ohio.

33. In November 2023, while residing outside the United States and during the DV-2025 registration period, Mr. Karmeliuk submitted his entry to DOS.

34. Mr. Karmeliuk subsequently was paroled into the United States on April 10, 2024 via United for Ukraine program. Through this program, he applied for and was granted a work permit and is gainfully employed. His permission to remain in the United States through this program is not permanent, and it expires on April 9, 2026.

35. In May 2024, Mr. Karmeliuk learned that he was selected as DV-2025 diversity visa applicant, with visa number 2025EU00003015.

36. The filing period for DV-2025 diversity visa applicants started in October 2024.

37. In October-November 2024, Mr Karmeliuk underwent a mandatory medical examination as a part of his application for lawful permanent residence.

38. In December 2024, Mr. Karmeliuk filed his DS-260 application with DOS, and received a confirmation notice.

39. In January 2025, Mr Karmeliuk filed his I-485 application with Defendant USCIS.

40. On April 15, 2025, Mr. Karmeliuk appeared at his immigrant visa interview at USCIS Cleveland Field Office. No issues were raised regarding his eligibility at that interview and USCIS has not requested any additional documentation or evidence from him.

41. Currently, Defendant USCIS has had Mr. Karmeliuk's I-485 application for almost eight (8) months, or about two hundred thirty (230) days without rendering any decision.

42. Due to Defendant USCIS's delay, and the fast-approaching end of the fiscal year, Mr. Karmeliuk has a legitimate fear that his I-485 application won't be adjudicated before midnight September 30, 2025, and that he will lose his opportunity to immigrate to the United States of America through the DV-2025 program.

43. Mr. Karmeliuk is eligible for lawful permanent residence through the DV-2025 program because there was an immigrant visa immediately available to him at the time he filed his I-485 application to adjust his status to lawful permanent residence and he is admissible to the United States. *See* 8 U.S.C. § 1255(a).

44. Mr. Karmeliuk has completed all steps required regarding his I-485 application.

45. There are no further administrative remedies available to Plaintiff to redress his grievances described herein.

46. Mr. Karmeliuk will lose his only opportunity to immigrate to the United States permanently if this Court does not order USCIS to adjudicate his application prior to September 30, 2025.

47. On information and belief, the majority of the 50,000 DV-2025 selectees have applied for visas abroad through consular processing with DOS. Only a small percentage of DV-2025 selectees have applied for adjustment of status with USCIS and thus there is not a lengthy queue of applicants ahead of Mr. Karmeliuk.

48. USCIS' failure to adjudicate Mr. Karmeliuk's application is not governed by a rule of reason. Moreover, the harm to him from this failure overweighs any inconvenience to Defendants that may result from an order from this Court.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of the Administrative Procedure Act, 5 U.S.C. § 706

49. Mr. Karmeliuk re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

51. The APA requires agencies to conclude matters presented to them "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b). The APA further provides that federal courts "*shall* . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (emphasis added).

52. Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Mr. Karmeliuk's I-485 application, and to do so within a reasonable time. *See* 8 C.F.R.§103.2(b)(19) (requiring a written decision on petitions and applications).

53. Mr. Karmeliuk challenges only the reasonableness of Defendants' delays or inaction in the adjudication of his I-485 application, not the grant or denial of this filing.

54. By failing to adjudicate Mr. Karmeliuk's eligibility for adjustment of his status to permanent resident for over seven (7) months, Defendants have "unlawfully withheld or unreasonably delayed" the adjudicative and administrative functions delegated to them by law in violation of 5 U.S.C. § 706(1). Considering that only a percentage of DV-2025 visa applicants

have applied to USCIS to adjust their status and that the law established a deadline allotted by which such applications must be decided in order for the applicants to benefit, USCIS' delay in deciding Mr. Karmeliuk's case is highly unreasonable.

## COUNT II

### The Mandamus Act, 28 U.S.C. § 1361

55. Mr. Karmeliuk re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Under the INA and implementing regulations, USCIS has a mandatory, non-discretionary duty to adjudicate Mr. Karmeliuk's I-485 application. *See* 8 C.F.R.§103.2(b)(19) (requiring a written decision on petitions and applications).

57. USCIS has a mandatory, ministerial, non-discretionary duty to complete the adjudication of Mr. Karmeliuk's I-485 application, within a reasonable time.

58. Mr. Karmeliuk has no adequate remedy at law to redress this delay.

59. Mr. Karmeliuk asserts claims for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel an agency to perform a duty owed to him.

## PRAYER FOR RELIEF

Wherefore, Mr. Karmeliuk respectfully requests this Court to grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    Declare that Defendants' delays in adjudicating his I-485 application are unreasonable and in violation of the APA and the INA;

(3)    Compel Defendants to perform their duty to complete all necessary steps, including the adjudication of his pending I-485 application by September 20, 2025;

(4)    Grant such other relief as this Court deems proper under the circumstances; and

(5)  Grant attorney's fees, expenses and costs of court to him, pursuant to the EAJA.


Respectfully submitted on this 2 day of September, 2025,

/s/ Mariya Howykowycz, Esq
Mariya Howykowycz,
6026 State Road,
Parma, Ohio 44134
Telephone (248)890-7155
KotsyubaHowykowycz@gmail.com
Attorney for Plaintiff
